■ Ivy Pierre-Louis et al., Appellants, v Ena Algoo, Respondent. [640 NYS2d 598] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Posner, J.), entered March 29, 1995, which, upon a jury verdict finding that the defendant was not negligent, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

This is an action to recover damages for injuries sustained by the plaintiff Ivy Pierre-Louis when she fell on a staircase which allegedly was covered by debris. Upon cross-examination of the injured plaintiff at trial, defense counsel was permitted to ask her whether prior injuries she had suffered affected her ability to walk up and down the stairs in the instant case. On appeal, the plaintiffs contend that the trial court's allowance of this line of questioning was improper and constitutes reversible error. We disagree.

The issue of whether prior injuries suffered by the plaintiff Ivy Pierre-Louis affected her ability to walk up and down stairs was relevant in determining whether she was, in this case, comparatively negligent in light of her knowledge of the danger apparent in using the allegedly debris-covered stairs. Therefore, to allow cross-examination of the plaintiff Ivy Pierre-Louis regarding her prior injuries was a proper exercise of the trial court's discretion (*see, Cassell Vacation Homes v Commercial Union Ins. Cos.,* 157 AD2d 700, 701; Fisch, New York Evidence § 343, at 225 [2d ed]).

The plaintiffs' remaining contentions are without merit. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.